STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Chandler repair and home industry }
  application }    Docket No. 79-4-07 Vtec
  (Appeal of Charles Chandler) }
}

Decision and Order on Pending Motions

Appellant Charles Chandler appealed from a March 19, 2007 decision of the Development Review Board (DRB) of the Town of Newfane, denying his appeal of the Zoning Administrator's denial of his permit application to repair his home, to build or finish a shed, and to operate a home occupation at the property. Appellant has appeared and represents himself; the Town is represented by Samuel H. Angell, Esq.

The remaining motions requiring a ruling are the Town's Motion for Declaratory Judgment filed December 31, 2007, Appellant's Motion for Sanctions filed January 10, 2008, and the Town's Motion for Legal Fees filed January 16, 2008.

Town's Motion for Declaratory Judgment on Jurisdiction over Subsequent Applications

As described in the Court's December 18, 2007 ruling on earlier motions, in the application that is the subject of this appeal, Appellant applied for a zoning permit to "rebuild single family home located at above address, finish 12 x 60 shed and use or continue to use this location as a home industry. . . . I will be using the majority of this location as my residence and my business as a secondary use."

The application at issue in the present appeal was filed on December 10, 2006 and was treated as complete on January 8, 2007. The Zoning Administrator denied the application. The DRB convened a hearing on Appellant's appeal of that denial on April 10,

1

2007, but did not reach the merits of the application. Rather, it denied the appeal on the basis that it had "determined that a Site Visit was necessary to identify and understand the facts related to the appeal," that Appellant "chose not to consent to the DRB coming onto his property to conduct the site visit," and that, "[i]n the absence of a Site Visit the DRB had no basis for reversing the decision of the Zoning Administrator."

In its December 18, 2007 ruling on cross-motions for summary judgment filed in this matter, the Court had ruled that the DRB was within its authority to require a new site visit before proceeding to take further evidence on the application. In that decision, the Court noted that in general it is the better practice for the DRB to rule on the merits of an application in the first instance. The December 18, 2007 decision confirmed that "the Court will address the merits of the application if the case remains before the Court," but explained in response to Appellant's own motion to stay proceedings in this Court (to arrange for the new site visit) that a remand would be required to do so, and explained the procedure as follows:

> Appellant may at any time offer the opportunity for a site visit related to the merits of the application. However, the jurisdiction of Appellant's application is now before the Court. If Appellant and the Town now want to arrange for a site visit for the DRB, so that it may proceed to rule on Appellant's application, they may agree to (or the DRB may request) a remand under V.R.E.C.P. 5(i) to allow it to reach the merits of the application after the site visit. If a remand is ordered; the Court would waive the filing fee for a future appeal on the merits of the application.

Neither party has requested a remand to return jurisdiction of the application to the DRB, nor has either party responded to the Court's observation in the December 18, 2007 decision that:

> Any request for an order governing a site visit by the parties, such as the one issued in 2005, to enable the site visit to be conducted in an orderly fashion, may be made to the Court in connection with any motion for or agreement to remand.

2

From the sequence of filings described in the Town's Motion for Declaratory Judgment, it appears that, in late December of 2007, Appellant filed or attempted to file with the Zoning Administrator a new application to rebuild the house and finish the storage shed, with associated filing fees and prospective notices of appeal. The cover letter to the DRB states: "should you require a site visit before you deny or approve this application please contact me at the above address and phone number." This attempted application appears to cover only the residential aspects of Appellant's application. That is, it appears to be Appellant's attempt to obtain a separate ruling from the DRB on the residential repair and construction portions of the application, while this Court proceeds with the ruling on the home occupation. The Court only received photocopies of this new application; the Town asserts that no original application or original signature was filed with the Court.

The Town is correct that all three aspects of the application are before the Court in this appeal. However, the Town has not suggested any reason why it would not make sense to 'decouple' the residential repair and personal storage shed application from the home occupation application, so that the DRB could rule on the residential aspects of the application separately from the home occupation application. If the residential repair and/or the personal storage shed application are approved, it would eliminate an unnecessary appeal in this Court and would allow work to proceed on the residential aspects of the application in the coming construction season. If either the residential repair or the personal storage shed application is denied, a new but separate appeal could be consolidated with the present appeal on the home occupation application, assuming that the home occupation appeal will remain on appeal in this Court.

Further, as the Court noted in its December 18, 2007 decision, now that Appellant appears to be willing to allow an appropriate site visit, it may make the most sense for the home occupation application also to be remanded to the DRB, so that the DRB can rule on

3

the merits of the application after its site visit. That way, if the application is denied on its merits any appeal will include all the issues relating to the home occupation application, and if it is granted an appeal by Appellant will not be necessary. The Court remains willing, as stated in the December 18, 2007 decision, to waive the filing fee for such a later appeal after remand. If the home occupation application were also to be remanded, the DRB would be able to act on its merits (in a separate decision from its decision on the residential repair and personal storage shed application). Any resulting appeals can be consolidated in this Court; there is still enough time for them to be prepared and heard on the May 7, 2008 trial date.

Accordingly, under the authority of V.R.E.C.P. 2(b) and 5(i), Appellant's applications for home repair and personal storage shed construction are HEREBY REMANDED to the DRB so that it may consider the merits of the new December 2007 application (or may require a newer original application with original signature), for just the home repair and personal storage shed construction proposals. The remand of the home repair and personal storage shed construction applications DOES NOT NOW REMAND the home occupation application which REMAINS ON APPEAL in this Court, until further order of the Court.

On or before March 7, 2008, each party shall file with the Court a statement as to whether the home occupation application should also be separately remanded, as discussed above, so that the DRB can take its site visit and rule on the merits of that application. The trial date scheduled for May 7, 2008 will continue to be reserved in the Court's calendar, so that it may be used for the trial of the home occupation application if it is not remanded, and/or so that it may be used for the trial of any new appeals after remand.

If the home occupation application is not also remanded, we will hold a telephone conference to be scheduled later in March, at which the parties should be prepared to discuss whether any evidence to be presented in regard to the home occupation application

4

depends on the completion of the work on the house and personal storage shed.

<u>Appellant's Motion for Sanctions; Town's Motion for Attorney's Fees</u>

Appellant has filed a new request for sanctions against Attorney Angell relating to the Declaratory Judgment motion and assertions as to the dates of filing certain documents made in that motion. Neither the filing of the motion nor the asserted dates warrant sanctions under V.R.C.P. 11, as the assertions regarding the dates were corrected or further reasonably explained in paragraphs 1-3 of the Town's memorandum filed January 16, 2008, copies of the dated documents were attached to the motion, and there is no indication that the purpose of filing the motion was to cause delay. See V.R.C.P. 11(c)(1)(A). Indeed, as the trial date remains set for May 7, 2008, no delay has been caused; the remand may instead speed up the consideration of Appellant's home repair and personal storage shed construction applications, separately from the home occupation application.

The Town has requested its attorney's fees for responding to Appellant's "recent filings" relating to Appellant's new December 2007 application and to the Town's motion for declaratory judgment and associated responses. No such attorney's fees are warranted, as Appellant's actions were reasonable in seeking to file a separate application for the residential-related repairs and construction, separate from the home occupation application.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Declaratory Judgment is GRANTED in Part as discussed above, in that the DRB appropriately declined to proceed with the new December 2007 application limited to the home repair and personal storage shed construction, in the absence of a remand. The Town's Motion is DENIED in Part, as discussed above, in that the home repair and personal storage shed construction applications should be addressed in the first

5

instance by the DRB, separately from the issue of home occupation. The home repair and personal storage shed construction applications are therefore HEREBY REMANDED to the DRB so that it may consider the merits of those applications as attempted to be filed in December 2007 application (or may require a new original application with original signature). The remand of the home repair and personal storage shed construction applications does not now remand the home occupation application which REMAINS ON APPEAL in this Court.

The motions for sanctions, costs and attorney's fees are DENIED, as discussed above.

On or before March 7, 2008, each party shall file with the Court a statement as to whether the home occupation application should also be separately remanded, as discussed above, to allow the DRB to take its site visit and proceed to rule on the merits of that application. The trial date scheduled for May 7, 2008 will continue to be reserved in the Court's calendar, so that it may be used for the trial of the home occupation application if it is not remanded, and/or so that it may be used for the trial of any new appeals after remand.

Done at Berlin, Vermont, this 19th day of February, 2008.

_____
Merideth Wright
Environmental Judge

6